JAKUB VANĘK

*v.*

JOHN SĘNFT.

*Opinion filed June 14, 1906.*

PRACTICE—*when lower court may render final decree without ruling defendant to answer.* Upon appeal from an order sustaining a demurrer to an amended bill and dismissing the bill for want of equity, if the Supreme Court considers all prior proceedings, settles the law of the case and the rights of the parties, and reverses with directions to proceed in accordance with the views expressed, it is not error for the lower court to render final decree without entering an order overruling the demurrer and requiring the defendant to answer, if the defendant did not request leave to answer.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from .the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

On April 4, 1900, appellee filed his bill in chancery in the superior court of Cook county against appellant and others, in which he alleged that the defendant Jakub Vanek was the owner of lot 2 and the complainant the owner of a part of lot 1 in a certain subdivision in the city of Chicago, both of which lots were subject to a mortgage that had been foreclosed, the decree amounting to $6178.58; that said part of lot 1 was sold and bid off by the defendant Vanek for the full amount of the mortgage indebtedness and costs, thereby discharging said defendant's lot 2; worth the sum of $12,000, from the mortgage lien, which lot should have contributed to the payment of the same; that the complainant's lot should only have been charged with the payment of one-third of said indebtedness, that being its full proportion thereof according to the relative value of the lots, and that in equity lot 2 should have contributed $4000 and said part of lot 1 only the balance of said decree. The prayer was for contribution and subrogation on that basis. The defendant Vanek demurred to the bill, which demurrer being overruled he elected to stand by the same, and thereupon the bill was taken as confessed and a decree *pro confesso* entered for the complainant. The other defendants answered the bill, and the cause was referred to a master in chancery to take the evidence and report his conclusions. On October 28, 1901, a decree was entered dismissing the bill as to all of the defendants except this appellant, and subsequently the complainant voluntarily dismissed the bill as to him. Afterwards, and during the same term, complainant moved the court to re-instate the cause and permit him to file an amended bill, which motion .was allowed upon his paying all of the costs to that date, and a rule was at the same time entered upon the defendant Vanek and his wife to plead, answer or de-

mur thereto within thirty days. Vanek and wife moved to dismiss the amended bill, which motion being overruled they filed a demurrer to the same, which was sustained, and complainant then obtained leave to file what he terms an engrossed amended bill against Vanek and wife alone. They again demurred, and their demurrer was sustained and the amended bill dismissed for want of equity. Senft prayed an appeal to the Appellate Court for the First District, and the decree of the superior court was affirmed. (110 Ill. App. 117.) He then prosecuted a further appeal to this court, and on April 20, 1904, the judgment of the Appellate Court was reversed and the cause remanded to the superior court, with directions to proceed in accordance with the views expressed in the opinion. (209 Ill. 361.) In the report of the case as considered and decided by this court will be found an extended statement of the facts and they need not be further repeated here. The cause being re-docketed, the superior court decreed that the appellant and his wife execute a special warranty deed to said part of lot 1 to appellee upon his paying them $237.64, with interest from August 16, 1900. The latter decree having been affirmed by the Appellate Court, this appeal is prosecuted.

MANCHA BRUGGEMEYER, for appellant.

CHARLES VESELY, (ZEISLER, FARSON & FRIEDMAN, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant contends that upon the filing of the mandate of this court in the superior court that court should have entered an order overruling the demurrer and ordering the appellant to answer the bill, and that it was error to render a final decree without so doing, and that only in default of an answer could it order the bill to be taken as confessed; also, that it was error, on that hearing, to render a decree without proof.

As shown by the foregoing statement of facts, the appellant filed a demurrer to the last amended bill, which was sustained and the bill dismissed for want of equity, and that decree was affirmed by the Appellate Court but reversed by this court. In the consideration of the case when it was before us we considered fully all the prior proceedings and held that the appellee had the right to redeem his property by the payment of $237.64. In that decision the rights of the parties were fully considered, the law of the case settled and the superior court directed to proceed in accordance with the views therein expressed. The usual practice in such case would have been, on the re-docketing of the cause to overrule the demurrer and enter a rule on the appellant to answer the bill; but that practice was not necessary in the absence of anything to show that the defendant asked leave to answer. In the case of *Bruschke* v. *Nord Chicago Schuetzen Verein,* 145 Ill. 433, we said (p. 443) : "It is assigned as error that the court below, upon overruling the demurrer to the bill, did not grant leave to answer over. The correct practice on overruling a demurrer to the bill is not to render a decree, but to make an order requiring the defendant to answer, and if he does not do so, to take the bill as confessed. We have held, however, that the question whether a defendant should be ruled to answer was one of discretion, and would not be reviewed in this court." (*Miller* v. *Davidson,* 3 Gilm. 518; *Roach* v. *Chapin,* 27 Ill. 194; *Wangelin* v. *Goe,* 50 id. 459.) In the *Wangelin case* it was said (p. 470) : "Upon the point made by appellants that the court proceeded to a decree on overruling the demurrer, there was no irregularity in that, as the record shows the defendants elected to abide by the demurrer, and if they had not so elected it was not necessary the court should have ruled them to answer, but could proceed at once to a decree."

The court, by rendering the decree, in effect overruled the demurrer, and the objection is, that before taking the bill for confessed it should have made an order upon the de-

fendant to answer. This was not necessary under the foregoing authorities, and, as said, whether such an order should be made by the court of its own motion was one of discretion, not reviewable in this court. Of course, if the defendant had asked leave to answer, the court would have had no discretion, as a general rule, to deny the motion. In this case the record fails to show that any such request was made by the defendant. Manifestly, no injury resulted to him by the practice adopted. by the court. As we have before stated, the law of the case had been determined by this court and the rights of the parties fixed, by which, on the re-instatement of the case in the superior court, it could do nothing but enter a decree accordingly.

The contention that it was error to render the decree without formal proof is also without merit. When the original bill was answered by the defendants other than appellant the cause was referred to the master to take the evidence and report the same, with his conclusions. His report was filed and a decree entered in accordance therewith. That decree was subsequently vacated by reason of appellee dismissing the bill and filing an amended bill against appellant alone. Upon his appeal to this court we found the relative values of the two lots, and that the appellee should be entitled to redeem his lot by the payment of $237.64. The record, on this appeal, does not purport to contain any of the testimony, and in that respect is not a complete record of the proceedings in the cause. We will therefore presume that there was sufficient evidence on which to base the decree. Moreover, it nowhere appears in this record that the defendants sought to have the case re-referred to the master to take evidence or offered to introduce any testimony upon the hearing.

There is no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*