THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* ANTHONY ANASTASIA, Plaintiff-Appellee, *v.* CIVIL SERVICE COMMISSION OF THE CITY OF BLUE ISLAND *et al.*, Defendants-Appellants.

(No. 56398; )

First District (1st Division)—February 26, 1973.

Romie J. Palmer, of Blue Island, for appellants.

Richard F. McPartlin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This is an appeal from a declaratory judgment construing the provisions of the Illinois Pension Code with respect to the election of a policeman receiving disability payments to retire from the force and receive a regular pension in lieu of his disability pension. The lower court determined that, in the event the plaintiff makes the election, his regular pension is "\* \* \* to be 50% of the salary attached to the rank of patrolman held by him \* \* \* for one year immediately prior to his retirement \* \* \*."

The plaintiff, Anthony Anatasia, became a patrolman with the Police Department of the City of Blue Island, Illinois, in 1947 and served in that capacity until November 15, 1961, when he suffered a heart attack. On or about February 1, 1962, he took a leave of absence from the force and was placed on the pension rolls. From the time of his leave until the present time, he has received disability payments based on one-half of the salary attached to his rank for one year immediately prior to his suspension from active duty.

In April of 1969, after examination by a physician, the plaintiff applied for reinstatement to the police force and a return to active duty. He was refused. He then brought this suit in Cook County Circuit Court on two

counts, the first for *mandamus* to compel his reinstatement to the police force and the second for a declaratory judgment to determine the amount of his pension if he elects to retire from the force and receive a regular pension in lieu of his disability payments.

As to Count II, the plaintiff argued that if he elects to retire from the force, his regular pension should be one-half of the salary attached to his rank for one year immediately prior to his retirement. The defendants contended that the pension should be based on the salary attached to his rank for one year immediately prior to his disability leave, with the result that his regular pension would be the same amount as his disability pension. The lower court entered judgment for the plaintiff, construing the Illinois Pension Code in his favor. The defendants appeal from that judgment. There has been no disposition of Count I of the plaintiff's complaint.

Two issues present themselves in this appeal. The first is whether there was a justiciable controversy which warranted entry of a declaratory judgment. The second is whether the trial judge correctly interpreted the Illinois Pension Code as to the salary basis for plaintiff's regular pension, should he elect to retire from the police force.

■■ It is well-settled that the provisions of the Declaratory Judgment Act should be liberally construed. (*Crest Commercial, Inc. v. Union-Hall, Inc.*, 104 Ill.App.2d 110, 243 N.E.2d 652.) The statute, however, requires that there be an actual controversy between the parties before the courts will make binding declarations of their respective rights. (Ill. Rev. Stat. 1969, ch. 110, par. 57.1.) The narrow question before us is whether a justiciable controversy existed in the instant case. We conclude that it did.

■■ We find analogous the situation presented in *Roberts v. Roberts*, 90 Ill.App.2d 184, 234 N.E.2d 372. There the plaintiff, who had been divorced from the defendant, asked the court to construe the Illinois Divorce Act to invalidate part of a divorce property settlement. The part in issue provided that periodic payments of a lump-sum settlement would cease upon her death or remarriage. The court noted that there was no allegation that either contingency was imminent. In determining that a declaratory judgment was justified, the court said:

> "We believe that there is an actual controversy in the instant case. There are adverse legal interests. Although no wrong has yet been committed, such is not necessary to obtain declaratory relief. The mere existence of a claim, assertion or challenge to plaintiff's legal interests, in which the ripening seeds of litigation may be seen and which cast doubt, insecurity, and uncertainty upon plaintiff's rights or status, damages plaintiff's pecuniary or

material interests and establishes a condition of justiciability." *Roberts v. Roberts*, 90 Ill.App.2d at 187, 234 N.E.2d at 374.

Similarly, in the case before us, the plaintiff asked the trial court to construe the Illinois Pension Code to determine the amount of the pension he would receive if he elects to retire from the force. An actual controversy existed in the dispute between the plaintiff and the defendants over the amount to be paid. The guidelines set out in *Roberts* have been satisfied and the lower court properly rendered a declaratory judgment to resolve the controversy. The cases cited by defendants do not require a contrary result, since they do nothing more than reiterate the general rules under which we have determined that an actual controversy existed in this case.

Proceeding to the next issue on this appeal, we must first examine the applicable section of the Illinois Pension Code:

> "§ 3—114. Disability Pension. Whenever a policeman becomes physically or mentally disabled to an extent which necessitates the suspension of his duty on, or retirement from, the police force, he shall be paid a pension of ½ of the salary attached to his rank on the police force for 1 year immediately prior to the time of suspension of duty or retirement. Whenever disability ceases and the policeman resumes his police duty, the pension shall cease. If the disability continues for a period which, when added to his period of active service equals 20 years, the policeman shall, if he is age 50 and if he elects to then retire from the police force, be paid a regular pension in lieu of such disability pension." Ill. Rev. Stat. 1969, ch. 108½, par. 3—114.

The plaintiff has been receiving disability payments in accordance with the provisions of Section 3—114. He asked the trial court to determine that the basis of his regular pension should he elect to retire would be 50% of the salary attached to his rank for one year immediately prior to his retirement, rather than one year prior to his disability leave. We find that the lower court correctly agreed with the plaintiff.

■■ Pension statutes are to be liberally construed in favor of those who benefit under them. (*Oliver v. Retirement Bd. of Municipal Employees*, 311 Ill.App. 38, 35 N.E.2d 405.) But, in so doing, we must keep in mind that the goal of statutory interpretation is a determination of the legislative intent behind enactment of the statute. The plain language of the law cannot be changed to coincide with a court's assessment of what a statute means. *Moweaqua Coal Corp. v. Industrial Com.*, 360 Ill. 194, 195 N.E. 607.

■■ In this case, the statutory language is clear. A policeman who becomes disabled and is suspended from active duty receives a disability

pension based on the salary attached to his rank for one year immediately prior to his suspension from duty. A policeman who becomes disabled and retires from the force receives a retirement pension based on the salary attached to his rank for one year immediately prior to his retirement. A policeman who receives disability payments and then elects to retire receives a regular pension (in lieu of his disability pension) based on the salary attached to his rank for one year immediately prior to his retirement. Nothing in the statute indicates that the regular pension (as opposed to a disability pension) paid an electing policeman is to be computed in a way different from the pension paid to any other retiring policeman. Our interpretation also conforms to the pension computation for policemen who are not disabled; under Section 3—111 of the Illinois Pension Code, their pensions are also based on the salaries attached to their respective ranks for one year immediately prior to retirement.

■■ The defendants argue that the legislature would have required contribution of the plaintiff for the time he received disability payments if it intended our interpretation of the statute. If the legislature so intended, however, it would have so stated, as in the case of those who leave the force for military service. Nor do we find valid the defendants' contention that the statute as we interpret it is unconstitutional either as special legislation or as authorizing extra compensation for services previously rendered by a public servant. The statute simply places all retiring policemen on a par in computing the amount of their pensions, and the law was in full force and effect even before the plaintiff became disabled.

For the reasons we have outlined above, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and BURMAN, JJ., concur.