PATRICIA H. PEIFER, Ex'r of the Estate of Ralph E. Peifer, Deceased, Plaintiff-Appellee, *v.* THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF WINNETKA, Defendant-Appellant.

First District (5th Division)    No. 76-1475

Opinion filed February 3, 1978.

Roger Pascal and Peter L. Rossiter, both of Schiff, Hardin & Waite, of Chicago, for appellant.

Richard F. McPartlin, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant appeals from a declaratory judgment order concerning a retirement pension. The issues asserted by defendant are whether the trial court erred in holding that Ralph E. Peifer was entitled to receive a pension based on the salary attached to his rank on the Village of Winnetka police force during the year preceding his election to retire; and

whether the trial court erred in holding that Peifer was entitled to a "length-of-service bonus." We affirm. The factual situation follows below.

On January 10, 1949, Peifer became a member of the Winnetka Police Department. In 1952 he was promoted to sergeant, and he became a lieutenant in 1960. Peifer had major surgery and applied for a disability pension in 1964. Thus, due to Peifer's physical condition, defendant placed Peifer on "disability status" and began paying him a disability pension. While receiving the disability pension, in May 1973, Peifer wrote to defendant requesting it to determine what amount he would receive if he elected to retire from the force under section 3—114 of the Illinois Pension Code. (Ill. Rev. Stat. 1971, ch. 108½, par. 3—114.) On October 19, 1973, defendant advised Peifer that he was not eligible to receive the regular retirement pension. He then brought a declaratory judgment complaint to determine his right to retire from the police force and receive a regular pension, after having received a disability pension. In his complaint, Peifer claimed that he was entitled to receive a regular pension based upon the salary attached to the rank he held for one year immediately prior to his retirement, instead of the lower disability pension. Defendant moved to dismiss the complaint under sections 45 and 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45 and 48(i)). In its motion, defendant simply maintained that plaintiff was not entitled to any regular pension. The motion did not involve the manner in which plaintiff's regular pension could be calculated. The trial court granted defendant's motion to dismiss.

Plaintiff appealed the dismissal; this court reversed and held that he "satisfies the conditions set forth in section 3—114, thus he may elect to retire and be paid a regular pension provided in section 3—111." (*Peifer v. Board of Trustees* (1976), 35 Ill. App. 3d 383, 390, 342 N.E.2d 131.) We remanded the matter for further proceedings. *Peifer.*

Upon remand, the trial court entered a declaratory judgment order establishing Peifer's right to retire on a regular pension under section 3—111, "said pension to be based upon the salary attached to the rank of Lieutenant held by plaintiff on the Winnetka Police force for one year immediately prior to his election to retire." On the date of the order, July 13, 1976, Peifer elected to retire. Defendant moved to vacate the declaratory judgment order and for leave to answer the complaint. The motion was denied. In the answer sought to be filed, defendant contended that the amount of Peifer's retirement pension should be calculated by using the year ending on January 10, 1969, the date when Peifer became eligible to receive a regular pension. Through that method of calculation, the amount of Peifer's pension would be less than through the method found in the declaratory judgment order.

Peifer died on October 6, 1977. Thus, in this appeal, Patricia H. Peifer,

executor of the estate of Ralph E. Peifer, was substituted as plaintiff-appellee. Plaintiff argues that the decision in the prior appeal determined that Peifer was entitled to receive a regular retirement pension based on the salary attached to his rank for one year immediately prior to his retirement on July 13, 1976. Plaintiff further argues that, under the doctrine of res judicata, defendant is barred from asserting a different method of calculation or raising arguments not raised in *Peifer*, the prior proceeding. We disagree.

In the declaratory judgment complaint, Peifer asserted his right to retire and receive a regular pension, and he asserted a method of calculation, under section 3—111, based on the salary attached to his rank for one year immediately prior to his retirement. With its motion to dismiss, defendant questioned the eligibility of Peifer to receive a regular pension. In other words, defendant merely claimed that Peifer had no right to retire on a regular pension. Defendant's motion to dismiss did not deal with the question concerning a method of calculation under section 3—111. On appeal from the dismissal of the complaint, there was no occasion for Peifer or defendant to assert a method of calculation. The question as to Peifer's eligibility to retire on a regular pension was involved in the appeal. Thus, this court held that Peifer was eligible to retire pursuant to section 3—114 and receive the regular pension given in section 3—111. (*Peifer.*) Furthermore, our analysis of *Peifer* indicates that the question as to a method of calculation was left open for consideration and decision by the trial court on remand. The decision in *Peifer* did not state the right of Peifer to be paid a pension based on the salary attached to his rank for one year immediately prior to his retirement on July 13, 1976.

■■■ In *Village of Oak Park v. Swigart* (1914), 266 Ill. 60, 61, 107 N.E. 158, the court said:

"It is the settled rule, also, that where a cause is re-docketed after litigation is prosecuted to a court of review and passed upon, not only the questions that were raised and considered, but also all that could have been raised and passed upon, are *res judicata* whether they were raised or not."

We do not believe, in light of the above rule and the facts before us, that defendant could have raised the question as to a method of calculation when he asserted his motion to dismiss in the trial court. Also, when plaintiff appealed the dismissal of his complaint, the question as to a method of calculation was not open to consideration; no error could be assigned to a ruling on the question. Indeed, with respect to the motion to dismiss, the trial court had not considered the question as to a method of calculation. Defendant's failure to raise the question in its motion to dismiss should not have precluded defendant from raising the question in

the answer which defendant sought leave to file upon remand to the trial court. (See Ill. Rev. Stat. 1975, ch. 110, par. 48(4); *Vanek v. Senft* (1906), 222 Ill. 41; 78 N.E. 17.) We conclude that plaintiff's reliance on the doctrine of res judicata is inappropriate.

We now turn to defendant's contention that the trial court erred in holding that Peifer was entitled to a pension based on the salary attached to his rank during the year preceding his election to retire. Defendant points to section 3—114; it set forth the conditions which had to be met before a police officer receiving a disability pension could receive a regular pension. In pertinent part, section 3—114 provided:

> "If the disability continues for a period which, when added to his period of active service equals 20 years, the policeman shall, if he is age 50 and if he elects to then retire from the police force, be paid a regular pension in lieu of such disability pension." (Ill. Rev. Stat. 1971, ch. 108½, par. 3—114.)

By October 30, 1968, Peifer had reached 50 years of age, and he had been in service and on a disability pension for 20 years as of January 10, 1969. Therefore, defendant contends that since Peifer became eligible to retire on January 10, 1969, it is the date which fixes not only the right to a regular pension, but also the method to be used in calculating the pension.

■■ It is our duty to ascertain the legislative purpose and intent behind enactment of a statute. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 242 N.E.2d 267.) The purpose of laws for policemen's pensions is beneficial, and such statutes should be liberally construed in favor of the policemen to be benefited. (*Board of Trustees v. Department of Insurance* (1976), 42 Ill. App. 3d 155, 356 N.E.2d 171.) The intent of the legislature can be ascertained by considering a statute's nature and the consequences which would flow from construing the statute one way or another. (*Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574.) Considering the above rules of law, we must prefer plaintiff's construction of the statute, which bases Peifer's regular pension on the year ending as of July 13, 1976, over defendant's construction.

■■ Section 3—114 set forth conditions for changing from a disability to a regular pension. Section 3—114 did not fix the amount of a regular pension. It merely referred to a regular pension as found in section 3—111. That section established the method for calculating a regular pension; the method uses, as the basis of a regular pension, 50% of the salary attached to a policeman's rank for one year immediately prior to his retirement, rather than one year prior to his eligibility to retire. (Ill. Rev. Stat. 1971, ch. 108½, par. 3—111; *People ex rel. Anastasia v. Civil Service Com.* (1973), 10 Ill. App. 3d 583, 295 N.E.2d 127.) In support of its contention that the amount of a regular pension should be fixed at the time of first eligibility for such a pension, defendant points to the phrase

"to then retire" in section 3—114 as quoted earlier in this opinion. In order to give effect to the legislative intent, we may treat the word "then" as mere surplusage. (See *City of Chicago v. Groffman* (1976), 42 Ill. App. 3d 139, 354 N.E.2d 572.) We conclude that the declaratory judgment correctly construed the Illinois Pension Code with respect to Peifer.

■■ Finally defendant contends that the trial court erred in holding that Peifer was entitled to a "length of service bonus," a pension increase provided by section 3—111. We do not find such a holding in the declaratory judgment. The trial court held that plaintiff could receive a regular pension under section 3—111, but the trial court did not address itself to the issue of pension increments based upon the number of years of creditable service rendered by Peifer. Plaintiff's letter to defendant, dated May 17, 1973, was an exhibit attached to the complaint. The letter alluded to the pension increments. However, the complaint itself did not raise the issue of an increment. In its motion to vacate the declaratory judgment order and in its proposed answer, defendant did not mention the issue. An issue not presented to or considered by the trial court cannot be raised for the first time on review. (*In re Estate of Kime* (1976), 42 Ill. App. 3d 505, 356 N.E.2d 350.) We believe that the issue of an increment was not adequately raised in the trial court; therefore, the issue cannot now be raised on review in this court.

For the reasons presented, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.