WILLIAM C. MICELI, Petitioner-Appellant, *v.* MICHAEL LAVELLE *et al.*, Respondents-Appellees.

First District (1st Division) No. 83—266

Opinion filed April 25, 1983.

Joel R. Monarch and Daniel P. Madden, both of Chicago, for appellant.

Mickey Levinson and Franklin J. Lunding, Jr., both of Chicago, for appellee Municipal Officers Electoral Board of the City of Chicago.

Andrew M. Raucci, of Chicago, for appellee Erven G. Vrankin.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Petitioner, William Miceli, brought this action to review the decision of the Municipal Officers Electoral Board of the city of Chicago striking his name from the ballot as a candidate for alderman. The Board found that a statement of economic interest had not been timely filed and petitioner's nomination papers were therefore invalid. Petitioner appeals from an order of the trial court affirming that decision.

The record reveals that on April 30, 1982, petitioner filed a statement of economic interest in connection with his employment with the board of education of the city of Chicago. Such a statement is required of any person employed by a school district at a rate of $25,000 or more annually and must detail any interest the employee may have in any entity doing business with the school district (Ill. Rev. Stat. 1981, ch. 127, par. 604A—101(i)). Petitioner, as an assistant principal, fell within this class of persons. At the time he filed, petitioner told the clerk at the counter that he intended to run for alderman and asked if his statement could be used when filing his nomination papers. From his conversation with the clerk, petitioner contends he was left with the impression that a second statement of economic interest would not be necessary.

The deadline for filing nomination papers for alderman was January 5, 1983. Petitioner filed his papers on December 29, 1982, and included with them a receipt issued by the Cook County clerk for his April 30 statement of economic interest. On January 10, 1983, an objection was filed to petitioner's nominating papers on the ground that the April 30 statement was inadequate since it was filed in relation to the board of education and not the city of Chicago. On January 13,

1983, petitioner filed with the Cook County clerk a statement of intent to defer filing a statement of economic interest and then filed his statement of economic interest in relation to the city of Chicago on that same day. On January 18, 1983, the Chicago Board of Election Commissioners, sitting as the Municipal Officers Electoral Board of the city of Chicago, upheld the objection and ordered that petitioner's name not be printed on the ballot.

On appeal, petitioner raises the following issues: (1) whether the 30-day deferral provision for filing statements of economic interest found in the Illinois Governmental Ethics Act (Ill. Rev. Stat. 1981, ch. 127, par. 604A—105) is applicable to statements filed pursuant to the Election Code; and (2) whether the April 30 statement of economic interest filed in relation to his employment by the board of education could also be used to satisfy the filing requirements of the Election Code with respect to his candidacy for alderman (Ill. Rev. Stat. 1981, ch. 46, par. 10—5).

## I

Petitioner's first argument deals with a deferral provision contained in the Illinois Governmental Ethics Act (Ethics Act). He contends that this provision for deferring the filing of a statement of economic interest should also be applicable to statements filed under the Election Code and, therefore, his statement filed on January 13 was timely. An analysis of that contention involves the construction of article 4A of the Ethics Act (Ill. Rev. Stat. 1981, ch. 127, pars. 604A—101 through 604A—107) and article 10 of the Election Code (Ill. Rev. Stat. 1981, ch. 46, pars. 10—1 through 10—15).

The Ethics Act was designed to reveal conflicts of interest between the public trust and private gain by requiring disclosure of financial interests related to public employment. Article 4A of this Act is concerned with the filing of "Statements of Economic Interests," with section 4A—101 enumerating the classes of persons who must file. The scope of this Act is broad, requiring not only candidates for State and local offices to file but also State and local government employees compensated at a rate of $25,000 or more annually and certain persons appointed to office. Section 4A—102 describes the types of interests which must be disclosed, with sections 4A—103 and 4A—104 giving the actual forms to be used when filing a statement of economic interest.

Section 4A—105 of the Ethics Act is of particular relevance to the present case since it specifies the time when statements must be filed. It provides:

"Statements must also be filed as follows:

(a) A candidate for elective office shall file his statement not later than the end of the period during which he can take the action necessary under the laws of this State to attempt to qualify for nomination, election, or retention to such office if he has not filed a statement in relation to the same unit of government within a year preceding such action.

(b) A person whose appointment to office is subject to confirmation by the Senate shall file his statement at the time his name is submitted to the Senate for confirmation.

(c) Any other person required by this Article to file the statement shall file a statement at the time of his initial appointment or employment in relation to that unit of government." Ill. Rev. Stat. 1981, ch. 127, par. 604A—105.

Section 4A—105 also provides for a 30-day extension for filing a statement of economic interest by filing an intention to defer within 10 days before or after the due date. It is this exception that petitioner seeks to apply to the Election Code, thereby making his January 13 filing timely. It provides:

"Any person who is required to file a statement of economic interests may effect one 30 day extension of his time for filing such a statement by filing with the officer with whom his statement is required to be filed, not more than 10 days before or 10 days after the date when his filing is otherwise due, a declaration of his intention to defer the filing of his statement of economic interests." Ill. Rev. Stat. 1981, ch. 127, par. 604A—105.

Finally, section 4A—107 gives the sanctions for noncompliance and provides as follows:

"Any person required to file a statement of economic interests under this Article who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor.

Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment, as the case may be." Ill. Rev. Stat. 1981, ch. 127, par. 604A—107.

Article 10 of the Election Code describes the procedures through which a candidate for public office may be nominated and have his or her name placed on the ballot. Section 10—1 provides:

"Political parties as hereinafter defined and individual voters to the number and in the manner hereinafter specified may nominate candidates for public offices whose names shall be placed upon the ballot to be furnished, as hereinafter provided ***." Ill. Rev. Stat. 1981, ch. 46, par. 10—1.

Section 10—5 deals with the formal requirements for nomination papers and the filing of statements of economic interest. It provides:

"Nomination papers filed under this Section are not valid if the candidate named therein fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers unless he has filed a statement of economic interests in relation to the same governmental unit with that officer during the same calendar year as the year in which such nomination papers were filed. If the nomination papers of any candidate and the statement of economic interest of that candidate are not required to be filed with the same officer, the candidate must file with the officer with whom the nomination papers are filed a receipt from the officer with whom the statement of economic interests is filed showing the date on which such statement was filed. Such receipt shall be so filed not later than the last day on which nomination papers may be filed." Ill. Rev. Stat. 1981, ch. 46, par. 10—5.

In construing these statutory provisions, this court is required to determine and follow the intent of the legislature. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) In attempting to give effect to that intent, the reasons for these enactments and the purposes to be obtained must also be considered. (*Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247.) Finally, the probable consequences of a proposed construction may also be considered in making a determination of legislative intent. *Peifer v. Board of Trustees* (1978), 57 Ill. App. 3d 102, 372 N.E.2d 1106.

Applying these sound principles of statutory construction, we must reject petitioner's first contention. An analysis of the relative sanctions provided in the two acts for failure to timely file a statement of economic interest indicates the 30-day deferral provision was never intended to be applicable to statements filed under the Election Code. The penalty given in section 4A—107 of the Ethics Act is harsh; noncompliance results in "ineligibility for, or forfeiture of, office or position of employment" (Ill. Rev. Stat. 1981, ch. 127, par. 604A—107). The deferral provision contained in section 4A—105 of the same act is designed to ameliorate harsh consequences which could flow from even inadvertent noncompliance. By way of contrast, failure to comply with the filing requirements of the Election Code results only in the removal of the candidate's name from the ballot, not in disqualification for office. To apply the Ethics Act deferral provision to avoid the lesser sanction given in the election Code would be inappropriate.

This is especially true when the countervailing policy considerations underlying the Election Code and the probable consequences of the construction urged by petitioner are taken into consideration.

The policy behind section 10—5 of the Election Code which mandates the filing of statements of economic interest with nomination papers is clear. The legislature intended that certain information be available to the public prior to the election with respect to actual or potential conflicts of interest that a candidate might have. Nomination papers are required to be filed at least 71 days prior to the election in most instances (Ill. Rev. Stat. 1981, ch. 46, par. 10—6). Requiring the economic interest statements to be filed at the same time immediately opens them up to public scrutiny and allows a better informed electorate to choose among the alternative candidates on a more rational basis. To permit candidates to defer filing this statement until 30 days later significantly undermines the legislative objective of full disclosure at the earliest possible time.

Applying the deferral provision to the Election Code would also effectively eliminate the right of the public to question the validity of the statement of economic interest by filing objections. This result will necessarily follow from section 10—8 of the Election Code, which requires that all objections be filed within five days after the last day for filing of nomination papers. If petitioner's position were to be adopted, a candidate could always circumvent the objection procedure by filing his nomination papers and an intent to defer filing a statement of economic interest. The statement could later be filed after the five day period for raising objections had passed. Thus, the procedures through which private citizens can ensure compliance with the Election Code would be significantly frustrated.

■ In view of the foregoing, we hold that the 30-day deferral provision found in the Ethics Act is inapplicable to statements of economic interest filed pursuant to the Election Code. The sound public policies in favor of full and early disclosure by candidates and in preserving the right of the electorate to file objections clearly indicate that the legislature did not intend the result urged by petitioner. The reference to the Ethics Act in section 10—5 of the Election Code is merely descriptive of the type of disclosure a candidate is required to make and should not be construed as incorporating the deferral provision contained therein. Accordingly, the January 13 filing of the statement of economic interest was untimely.

II

Petitioner's second argument involves a provision in section 10—5

of the Election Code which excuses a candidate from filing a statement of economic interest with his nomination papers if he has previously filed such a statement in relation to the *same governmental unit* during the same calendar year. Under these circumstances, all a candidate need do is file a receipt issued by the county clerk which indicates that a statement of economic interest was previously filed.

Petitioner points to his April 30 filing in relation to his employment with the board of education and contends that this statement is also a sufficient disclosure of his economic interests with respect to the city of Chicago. Petitioner concedes that the board of education and the city of Chicago are not the same governmental unit, but he maintains that the questions on the April 30 statement of economic interest were answered in relation to both. Petitioner would therefore have us conclude that the receipt for the April 30 statement he initially filed with his nomination papers on December 29 was adequate compliance with section 10—5 of the Election Code since the statement was filed within the same calendar year and made in relation to both the city of Chicago and the board of education.

■ Initially, it should be noted that there exists no authority supporting the proposition that one statement of economic interest may be filed in relation to two units of government. On the contrary, the plain language of the Ethics Act consistently directs a declarant to make disclosure in relation to "the unit of local government." (Ill. Rev. Stat. 1981, ch. 127, pars. 604A—102, 604A—104.) The use of the singular form suggests that a statement of economic interest should only be filed in relation to one governmental unit. In addition, the dual purpose filing argued by petitioner could only lead to confusion; no one could be sure whether a given disclosure related to one or the other governmental unit or both. We, therefore, reject petitioner's contention that one statement of economic interest may be filed in relation to two units of government. In so doing, we find that the April 30 statement fails to satisfy the disclosure requirements with respect to the city of Chicago as mandated by the Election Code.

■ Since neither the April 30 nor the January 13 statement of economic interest complied with the filing requirements of the Election Code, the trial court properly affirmed the decision of the Electoral Board striking petitioner's name from the ballot. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

McGLOON and GOLDBERG, JJ., concur.