Thomas Donahue, Appellant, v. Board of Trustees et al., Appellees.

Gen. No. 8,347.

Opinion
filed September 4, 1931.   Rehearing denied December 17, 1931.

JOHN L. BREATON, for appellant.

JAMES R. KELLY, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Thomas Donahue filed a petition for mandamus in the circuit court of Carroll county, Illinois, in which the appellees were made the respondents.  He prayed that a writ of mandamus should be issued compelling the respondents to pay to him a police pension out of the police pension fund in the City of Savanna, Illinois. The court sustained a demurrer to the petition.  The petitioner elected to stand by his bill, and now brings the case to this court on an appeal.

Donahue was a policeman in the City of Savanna, and had been such from the first part of May, 1899 to the 5th day of June, 1923.  He first served said city in the capacity of a special policeman, and continued as such until the first Tuesday in May, 1913, when he was appointed city marshal.  He served the city in the latter capacity at a salary of $1,620 per annum, for 10 years, at which time he retired.

The controversy in this case arose over the construction of the law providing for the payment of a pension to disabled and superannuated policemen in cities and villages containing more than 5,000 inhabitants and

less than 200,000 inhabitants, Cahill's St. ch. 24, ¶ 915 *et seq.* The City of Savanna, acting under this provision of the law, adopted an ordinance creating a board of police trustees of the police pension fund, and a board was appointed thereunder. It collected the money for the payment of the pensions, and Donahue, upon his application, received a pension of $65 a month until the first day of January, 1930, when the board refused to make further payments to him. This suit is brought for the purpose of compelling further pension payments to be made to him.

The record in this case does not disclose why the trustees of the police pension fund refused to make further payments to Mr. Donahue. It is urged in this court that his service does not qualify him under section 3 of the Act (Cahill's St. ch. 24, ¶ 917; ¶ 894, ch. 24 of Smith-Hurd's Statutes, 1927) because: there was no regularly constituted police force in the City of Savanna, and that the Act does not contemplate granting a pension to either city marshals or special policemen; and that cities of 5,000 inhabitants and no more than 200,000 inhabitants may or may not adopt the provision for a pension law, and that said City of Savanna did not adopt it.

The first contention of the appellee that there is no regular city police force in the City of Savanna, we think, is clearly untenable. Section 3 of said ordinances of the City of Savanna provides: ''Said marshal shall be superintendent of the city police, under the direction of the mayor; all police officers shall be in subordination to said marshal, and shall assist him in the preservation of the peace and good order and the enforcement of the law and ordinances of the city.'' Sections 4, 5, 6, 7, 8, and 9 of the city ordinances further provide: ''that the duties of said marshal are such as are usually given to a police officer.'' The ordinance recognizes the marshal as superintendent of

the city police, and places all other police officers under his supervision and command. It provides for the appointment of other policemen, although they use the term "special policeman," the very manner of the appointment of special policemen and the fixing of their tenure of office, made them policemen and a part of the police department.

A regularly constituted police force is not required to have a chief of police, captains, lieutenants, inspectors, etc. The police force consists of the personnel regularly employed in the performance of police duties. In the City of Savanna the police force consisted of the city marshal and other policemen of whatever name called, who were regularly engaged as police officers. The appellant in this case was so regularly employed at all times and comes within the provisions of the statute.

It is next contend that the city marshals or special policemen are not entitled to share in the benefits of the police pension fund because they are not policemen under the terms of the statute. As we have stated above, the appellant was the highest ranking police officer of the city. The pension act was intended to include all police officers from chief of police to the chauffeur in the police department. The appellant served a number of years as a so-called "special policeman" as provided under section 11, chapter 22 of the city ordinances of the City of Savanna, which provides that special policemen may be appointed by the mayor by and with the consent of the city counsel for such time as he may deem necessary not to exceed two years.

Donahue was first appointed by the mayor of Savanna as special policeman in 1899. This appointment was unanimously confirmed by the city counsel. Donahue qualified and served as a police officer throughout that term. At the expiration of the term

his reappointment was again confirmed. This proceeding continued every two years until 1913. For such services he was paid a stipulated salary. It cannot be reasonably said that he did not have regular employment, nor can it be reasonably said that he was not an officer of the city. His tenure of office was fixed at a definite time at the time of his appointment; and the fact that he was called a special policeman has little, if any, significance. He always received a fixed salary, and not a per diem, and his term of office was coextensive with the life of the city counsel and the mayor. It seems to us that it makes no difference if he was called a "special policeman" instead of a "policeman" or a "regular policeman."

The general assembly in passing the pension law endeavored to provide for the aged policemen who have served the city for a long period of time. To give the statute a construction as narrow as that placed upon it by the City of Savanna would be to thwart the motive of the general assembly. The reading of the' statute discloses that the Act is mandatory on all cities and villages having a population of more than 5,000 and not more than 200,000 inhabitants. It was adopted for a humane purpose and should be given a liberal construction. It was intended to be beneficial to disabled and superannuated policemen who have reached the age of 50 years and upward and who have served in the police department for at least 20 years. The petition alleges that the City of Savanna has a population of more than 5,000 and as such comes within the provisions of the law and its policemen who have served for the required period of time and have attained the age of 50 years are entitled to the benefits of the law. The City of Savanna, recognizing its duty in this regard, passed an ordinance and paid the petitioner for a considerable length of time. The case of *People v. Abbott,* 274 Ill. 380, holds the police pension

fund Act of 1909, which provides that in cities of a certain population there shall be set apart moneys to constitute a policeman's fund, is mandatory and not merely directory, and the mayor of the city within the terms of the Act may be compelled by mandamus, at a suit of eligible beneficiaries of the fund, to appoint a board of trustees for such fund.

The petition in this case shows that the appellant Donahue was a regularly employed policeman in the City of Savanna for the past 20 years or more, and had complied with all the requirements of the police pension Act and was entitled to a pension as provided for by the law. The circuit court erred in sustaining the demurrer to the petition, and the judgment dismissing the petition is reversed and the case remanded, with directions to the court to overrule the demurrer and require the respondents to answer the petition.

*Reversed and remanded with directions.*