HOWARD SAFFOLD *et al.*, Plaintiffs-Appellees, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—88—2496

Opinion filed December 21, 1989.

Margaret A. Daley, of Kirkland & Ellis, of Chicago, for appellant Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago.

David R. Kugler, of Chicago, for appellees Frank Lee and Edgar Gosa.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting the summary judgment motion of plaintiffs, Frank Lee and Edgar Gosa. Howard Saffold is not a party to this appeal. The trial court found that the crime prevention work performed by plaintiffs was creditable service pursuant to the Policemen's Annuity and Benefit Fund Act of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 108½, par. 5—214(c) (hereinafter Act)). Defendants, City of Chicago, the Retirement Board of the Policemen's Annuity and Bene-

fit Fund of the City of Chicago (hereinafter Board), and Richard Jones, executive director of the Board, present the following issues on appeal: (1) whether employment by the League to Improve the Community (hereinafter League) constitutes creditable service for purposes of the Act, and (2) whether the Board acted arbitrarily in denying plaintiffs' request to contribute money to the Police Pension Fund for their respective leaves of absence.

We affirm.

Plaintiff Lee has been a member of the Chicago police force since March 1, 1965. He was granted a leave of absence from the force from November 16, 1974, to November 28, 1977, to work for the League. Plaintiff Gosa has been a Chicago police officer since July 19, 1965. He was also granted an approved leave of absence from November 17, 1974, to November 14, 1976, in order to work for the League. According to the record, plaintiffs coordinated crime prevention activities and educational programs for low income, inner-city communities during their tenure with the League.

The League was a program funded in part by the Federal government through the Law Enforcement Assistance Administration (hereinafter LEAA). The LEAA was established by the Crime Control Act of 1973 (42 U.S.C. §3701 et seq. (1982)). The stated purpose of the Crime Control Act, which was later repealed, was "to assist State and local governments in strengthening and improving law enforcement and criminal justice at every level by Federal assistance." 42 U.S.C. §3701 (1982).

On September 23, 1984, plaintiffs sent a letter to defendant Jones requesting official computations of their outstanding pension payments during their respective leaves of absence. According to plaintiffs, contributing to their pensions for the period in which they took their leaves of absence would enable them to have uninterrupted police service records for purposes of pension distribution.

On March 27, 1986, the Board denied plaintiffs' request. Subsequently, plaintiffs filed a request seeking an administrative review of the Board's decision. Plaintiffs' request to contribute to the fund was again denied. The Board did, however, vote to allow Howard Saffold full credit for his leave of absence with the League when he served as president of the League pursuant to subparagraph (b) of section 5—214 of the Act. Ill. Rev. Stat. 1987, ch. 108½, par. 5—214(b).

Plaintiffs later filed a motion for summary judgment which was granted on July 12, 1988. The trial court found that plaintiffs' work with the League was within the ambit of section 5—214(c) of the Act (Ill. Rev. Stat. 1987, ch. 108½, par. 5—214(c)), and that the Board

had acted arbitrarily in denying plaintiffs' request. It is from this decision that defendants appeal.

Defendants first contend that the trial court erred in granting summary judgment in favor of plaintiffs. Defendants argue that plaintiffs are not entitled to credit for service under section 5—214(c) of the Act since employment by the League does not constitute work for the county, State or Federal government. Defendants point out that there was no employer-employee relationship established between plaintiffs and the Federal government as required by the statute. Section 5—214 provides in pertinent part, as follows:

"Any participant in this fund *** who has rendered service as a member of the police department of the city for a period of 5 years or more is entitled to credit for the various purposes of this Article for service rendered prior to becoming a member or subsequent thereto for the following periods:

* * *

(c) While performing safety or investigative work for the County in which such city is principally located or for the State of Illinois or for the Federal government, on leave of absence from the department of police." Ill. Rev. Stat. 1987, ch. 108½, par. 5—214(c).

■ Pension statutes are to be liberally construed in favor of those who benefit under them. (*People ex rel. Anastasia v. Civil Service Comm'n* (1973), 10 Ill. App. 3d 583, 586.) "The general assembly in passing the pension law endeavored to provide for the aged policemen who have served the city for a long period of time. *** It was adopted for a humane purpose and should be given a liberal construction." *Donahue v. Board of Trustees* (1931), 263 Ill. App. 568, 572.

■ The trial court, in construing the section, found that plaintiffs' work was of a safety or investigative nature and that plaintiffs did in fact work for the Federal government by participating in the League's program. Even assuming, *arguendo*, that plaintiffs were not employees of the Federal government, the court noted that subparagraph (c) does not require that the officers be employees. Subparagraph (c) mandates that the officers perform safety or investigative work for the county, the State or the Federal government. The court construed the subparagraph as not requiring an employer-employee relationship. We agree. If the legislature had intended as a condition precedent to receiving credit for other services, under this particular subparagraph, that an employer-employee relationship would be established, specific language to that effect would have been included in the subparagraph.

For example, as plaintiffs correctly point out, in subparagraph (b) of the section, an officer may receive credit for service if the officer is an "employee" of the Policemen's Annuity and Benefit Fund. (Ill. Rev. Stat. 1987, ch. 108½, par. 5—214(b).) Subparagraph (c), however, does not require that the officer be an "employee" of the county, the State or the Federal government. We find, therefore, that plaintiffs were within the ambit of the section.

■ Next, defendants contend that summary judgment was improperly entered in favor of plaintiffs since the Board had not acted arbitrarily in denying plaintiffs credit for service with the League. The trial court set aside the Board's decision, finding that the summary denial of plaintiffs' request without giving them the opportunity to be heard, present evidence, or have counsel present at the hearing was in effect a denial of plaintiffs' due process rights. We also find the record bereft of any indication that counsel for plaintiffs was present at the time of the hearing, that plaintiffs were heard, or that plaintiffs were afforded the opportunity to present evidence. Under these circumstances, we find that the trial court properly considered due process violations.

■ The trial court also found that the Board acted arbitrarily in giving section 5—214(c) a narrow construction. As previously held, pension statutes are to be given broad construction in favor of those who benefit under them. (*People ex rel. Anastasia v. Civil Service Comm'n* (1973), 10 Ill. App. 3d 583, 586; *Donahue v. Board of Trustees* (1931), 263 Ill. App. 568, 572.) Erroneous, arbitrary, or unreasonable construction of a statute constitutes grounds for setting aside an administrative decision. *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 331.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.