THE CITY OF ST. CHARLES, Petitioner, v. ILLINOIS LABOR RELATIONS BOARD *et al.*, Respondents.

Second District    No. 2—08—0732

Opinion filed October 8, 2009.

Susan M. Love, of Davis & Kuelthau, S.C., of Milwaukee, Wisconsin, for petitioner.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sharon A. Purcell, Assistant Attorney General, of counsel), for respondent Illinois Labor Relations Board, State Panel.

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, the City of St. Charles (City), directly appeals the Illinois Labor Relations Board (ILRB) ruling that the City's filing of exceptions to the recommended decision and order of the administrative law judge (ALJ) was untimely. We reverse the ILRB ruling and remand the cause for consideration on the merits of the exceptions.

## BACKGROUND

In May 2007, the Metropolitan Alliance of Police, St. Charles Sergeants Chapter #28 (MAP), filed a majority-interest petition with the ILRB, seeking certification as the exclusive bargaining representative of a bargaining unit consisting of all full-time sworn police sergeants employed by the City, pursuant to section 9(a—5) of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/9(a—5) (West 2006)). The ILRB held a hearing on September 7 and 10, 2007, and the ALJ issued a recommended decision and order on June 4, 2008. On the same day, the decision and order were mailed by certified mail to the City, return receipt requested. On June 23, 2008, the City filed its exceptions via fax.

In three letters to the City, all written on July 2, 2008, the ILRB's executive director stated that the United States Postal Service certified mail "green card" showed that the City received the ALJ's recommended decision and order on June 6, and he indicated that the exceptions should have been filed within 14 days, no later than June 20. He also stated that a party not filing timely exceptions waives its right to object to the recommended decision and order. He further stated that the ILRB does not have a three-day mailing rule; rather, he stated that section 1200.30(c) of title 80 of the Illinois Administrative Code (Code) (80 Ill. Adm. Code §1200.3(c), amended at 27 Ill. Reg. 7365, eff. May 1, 2003) sets forth a presumption to be used when there is no other evidence as to the date of service. He then stated that since the "green card" indicated the actual date on which the City was served, there was no need to employ the presumption. On July 9, the ILRB rejected the exceptions as untimely and adopted the ALJ's decision. The ILRB's order, dated July 9, 2008, read in pertinent part:

> "[The ALJ] issued a recommended Decision and Order *** on June 4, 2008. Records maintained by the United States Postal Service indicate that the [City] received the *** Decision and Order on June 6, 2008."

The ILRB ruled that the City's exceptions had to be filed by no later than Friday, June 20, in order to be timely. Therefore, because the City filed its exceptions on Monday, June 23, the ILRB ruled that the City had waived its right to object, pursuant to section 1200.135(b)(1) of title 80 of the Code (80 Ill. Adm. Code §1200.135(b)(1), added at 27 Ill. Reg. 7386, eff. May 1, 2003).

On July 10, 2008, the ILRB issued a certification of representative, recognizing MAP as the bargaining representative. On August 6, 2008, the City timely filed with this court a petition for review of the ILRB's order and the certification of representative.

## ANALYSIS

In reviewing an administrative decision, this court must consider whether the question presented is one of fact, one of law, or a mixed question of fact and law. *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001). "If the issue necessitates the interpretation of a statute, regulation, or rule connected with the administrative agency involved in the case, the question is one of law, the standard of review for the reviewing court is *de novo*, and the agency's interpretation is considered relevant but not binding on the reviewing court." *Biekert v. Maram*, 388 Ill. App. 3d 1114, 1118 (2009). There is no dispute as to the underlying facts in this case; the question presented is one of regulatory interpretation. Thus, we review *de novo* the ILRB's decision. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998); *Village of Roselle v. Roselle Police Pension Board*, 382 Ill. App. 3d 1077, 1080 (2008).

As administrative rules and regulations have the force and effect of law, they are construed under the same standards that govern the construction of statutes. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008). The primary objective in interpreting an agency's regulation is to ascertain and give effect to the intent of the agency, using the language of the regulation as the best indicator of the agency's intent. *Madigan*, 231 Ill. 2d at 380; *Radaszewski v. Garner*, 346 Ill. App. 3d 696, 700 (2003). Further, in order to determine the plain meaning of a regulation, we must consider it in its entirety, keeping in mind the subject it addresses and the apparent intent of the agency in enacting it. *Madigan*, 231 Ill. 2d at 380.

Section 1200.135(b)(1) of title 80 the Code provides that in representation proceedings, parties may file exceptions to the ALJ's recommended decision and order "no later than 14 days after service of the recommended decision and order." 80 Ill. Adm. Code §1200.135(b)(1), added at 27 Ill. Reg. 7386, eff. May 1, 2003.

■ Section 1200.30(c) of title 80 of the Code provides for a presumption of service to a party three days after mailing: "Service of a document upon a party by mail shall be presumed complete 3 days after mailing, if proof of service shows the document was properly addressed. This presumption may be overcome by the *addressee*, with evidence establishing that the document was not delivered or was delivered at a later date." (Emphasis added.) 80 Ill. Adm. Code §1200.30(c), amended at 27 Ill. Reg. 7375, eff. May 1, 2003. The regulations do not allow the addressor the right or the authority to overcome the presumption. The maxim of construction *inclusio unius est exclusio alterius* means that the inclusion of one thing implies the exclusion of another; in other words, "where a statute lists the thing or things

to which it refers, the inference is that all omissions are exclusions, even in the absence of limiting language." *McHenry County Defenders, Inc. v. City of Harvard*, 384 Ill. App. 3d 265, 282 (2008). This maxim holds true for administrative regulations as well as statutes. See *Marion Hospital Corp. v. Illinois Health Facilities Planning Board*, 324 Ill. App. 3d 451, 456 (2001) (the rules of statutory construction apply when construing the provisions of the Code).

■ By providing for the presumption of service three days after mailing, these regulations inure to the benefit of the addressor, in this case, the ILRB. The presumption establishes effective notice, and the burden shifts to the addressee to establish with sufficient evidence that actual delivery occurred at a later date. The rule allows an addressee (the City) to demonstrate that the document was *not* received within three days, or never received at all.[1] The rule does not allow the ILRB to do what it has done to overcome the presumption of service by mailing.

The ILRB interprets the rule to mean that the exceptions were due 14 days after actual service. Therefore, the ILRB contends, the City was late with its filing and the refusal to accept the filing was proper. In reaching its conclusion, the ILRB argues that since its decision was, in fact, received by the City in less than three days, there is no need of any presumption regarding the date that the City was served. The ILRB claims that it is not attempting to rebut the presumption, because the presumption does not arise when the actual date of service is known. The ILRB contends that "in the absence of evidence as to the date of receipt of the decision, the [ILRB] would have employed the presumption that delivery was complete three days after mailing. At that point, the city would have the opportunity to rebut the [ILRB's] conclusion if the city could demonstrate that it did not receive the recommended decision and order during that three day time period." Thus, according to the ILRB, the filing was untimely because the exceptions were received more than 14 days after the actual service of the ALJ's decision, as shown by the return receipt. Because the Code further provides that "[a] party not filing timely exceptions waives its right to object to the [ALJ's] recommended decision and order" (80 Ill. Adm. Code §1200.135(b)(1), added at 27 Ill. Reg. 7386, eff. May 1, 2003), the ILRB claims waiver on the City's part.

---

[1]While the burden to prove that a document was never received at all would seem to be contrary to logic, even insurmountable, in today's world it is possible to trace an item and prove nondelivery, provided it was sent via a method that tracks actual deliveries.

The City contends that it was error for the ILRB to reject the City's exceptions to the ALJ's decision as untimely, because section 1200.30(c), which provides for the presumption, leads to the conclusion that "exceptions were due no later than June 21, 2008, which was a Saturday." Specifically, the City contends that the rules presume that it was served three days after the June 4 mailing, *i.e.*, June 7, which was a Saturday. Therefore, it argues, the filing of exceptions was not required until the first business day after the Saturday deadline of June 21, *i.e.*, Monday, June 23, because section 1200.30(a) automatically extends the last day of the time period to the next business day if the last day falls on a Saturday, Sunday, or legal holiday. See 80 Ill. Adm. Code §1200.30(a), amended at 27 Ill. Reg. 7375, eff. May 1, 2003. In light of our determination that the addressor cannot rebut the presumption of mailing, we agree with the City that the last date for a timely filing was Monday, June 23.

The City also points out that had it mailed its answer on Friday, June 20, the answer would not have been deemed untimely. Presumably the answer would have been delivered on the following Monday or, possibly, Tuesday. Therefore, it argues, the sanction of disallowing the answer, actually filed on Monday, June 23, was unduly harsh. We have determined that the regulation, while not ambiguous *per se*, is unclear on the point.

"A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole"; words and phrases must be interpreted in light of other relevant provisions of the statute. *Quality Saw & Seal, Inc. v. Illinois Commerce Comm'n*, 374 Ill. App. 3d 776, 783 (2007). While reviewing courts accord substantial deference to the interpretation placed on a statute by the agency charged with its administration and enforcement, the agency's interpretation will be rejected if it is unreasonable or erroneous. *Village of Roselle*, 382 Ill. App. 3d at 1082.

Considering the regulation in its entirety, keeping in mind the subject it addresses and the apparent intent of the agency in enacting it (*Madigan*, 231 Ill. 2d at 380), the ILRB's interpretation can be supported only by reading an implicit clause into the regulation, *i.e.*, that actual service triggers the 14-day countdown for the deadline and that the addressor has the right and authority to establish actual service in order to preclude the presumption from taking effect. We fail to find any explicit statement that actual service precludes the presumption from arising or that the addressor has the right or authority to establish the actual date of service in order to preclude the presump-

tion from arising or applying to the effective date of mailing.[2] The ILRB cites to *Water Pipe Extension v. City of Chicago*, 195 Ill. App. 3d 50 (1990), in support of its position. Other than a reference to section 1200.30, the case does not address any issue that might shed light on or support the ILRB's interpretation. The ILRB's position is simply not supported by the language of the Code. Thus, the last day for a timely filing was the 23rd of June, as claimed by the City.

For these reasons, the order issued July 9, 2008, determining and rejecting the exceptions filed by the City as untimely, is reversed and the cause is remanded for consideration of the merits of the exceptions.

Reversed and remanded.

ZENOFF, P.J., and HUTCHINSON, J., concur.

_____
[2]Regardless of the ILRB's erroneous determination of untimeliness, we agree with the City that the ILRB would not have received the exceptions in a more timely manner had the document been postmarked on Friday rather than directly faxed on Monday.