2022 IL App (1st) 210835

No. 1-21-0835

Opinion filed March 31, 2022

SIXTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CARRIE THORNLEY, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2020 CH 02676 |
| THE BOARD OF TRUSTEES OF THE RIVER | ) | |
| FOREST POLICE PENSION FUND and THE | ) | The Honorable |
| VILLAGE OF RIVER FOREST, | ) | Alice Conlon, |
| | ) | Judge, presiding. |
| Defendants-Appellants. | ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1        In the case at bar, defendant Board of Trustees of the River Forest Police Pension Fund (the Board) found that plaintiff Carrie Thornley, an officer's surviving spouse, was entitled to survivor benefits. The Board found that she was entitled to benefits, effective December 12, 2032, when her husband would have turned 60 years old and would have been entitled to collect, had he lived. Starting on December 12, 2032, plaintiff will receive 42.5% of her

deceased husband's applicable pension salary, which is the same benefit that he would have received.

¶ 2 Plaintiff appealed the Board's decision to the circuit court arguing that she was entitled to payment of the benefit starting immediately. However, the circuit court affirmed the Board. Plaintiff now appeals the Board's decision to this court. For the reasons discussed below, we also affirm the Board's decision.

¶ 3                                      BACKGROUND

¶ 4 The important facts of this case are undisputed, so we summarize them below.

¶ 5 Michael Thornley, plaintiff's husband, was born on December 12, 1972. If he had lived, he would have turned 60 on December 12, 2032. He began working for the River Forest Police Department in 1997. He married plaintiff on October 23, 2004, and was married to her until his death. Plaintiff's husband resigned from the police department on November 11, 2015, and died on January 30, 2018. After her husband's death, plaintiff filed an application for surviving spouse benefits with the Board on February 7, 2018.

¶ 6 It is undisputed by the parties on this appeal that, at the time of his death, he was a "deferred pensioner," in that he was "a police officer who has retired having accumulated enough creditable service to qualify for a pension, but who has not attained the required age." 40 ILCS 5/3-105.1 (West 2018). It is also undisputed that, at age 60, and not before, plaintiff's husband would have been eligible for a pension of 42.5% of his applicable pension salary. His applicable pension salary was $107,953.29.

¶ 7 On March 20, 2018, the Board sent an email seeking advice from the Illinois Department of Insurance (DOI), Public Pension Division, concerning whether plaintiff was entitled to a survivor's benefit at all and, if so, the date that payment of the benefit should start.

On December 14, 2018, an assistant general counsel (AGC) responded in a letter stating that "there is no statutory guidance as to when the surviving spouse is entitled to receive the pension of his/her deceased partner." However, he opined that, assuming that all the facts and assertions submitted to him by the Board were correct, plaintiff was entitled to receive a survivor's pension "immediately *** upon the death of the deferred pensioner."

¶ 8    The Village of River Forest filed a motion to intervene in the matter which the Board granted. Plaintiff had objected to the Village's motion to intervene on the ground that most of what the Village asserted was irrelevant to the issue of her survivor's benefit; and the Board's subsequent decision did not even mention the Village's motion to intervene. On this appeal, the Village adopts and joins all the arguments raised by the Board in its appellate brief regarding the survivor benefit, and it writes separately only to argue that the Board did not abuse its discretion by permitting it to intervene. Since the Village's intervention is irrelevant to the issue at hand, namely, the start date of plaintiff's benefit payments, we find that the issue of whether the Board did, or did not, abuse its discretion by granting the Village's motion is moot.[1] *GlidePath Development LLC v. Illinois Commerce Commission*, 2019 IL App (1st) 180893, ¶ 27 ("As a general rule, courts of review in Illinois do not *** consider issues where the result will not be affected regardless of how those issues are decided.")

¶ 9    On April 25, 2019, the Board held a hearing where it heard arguments. On January 23, 2020, the Board issued a written decision and order finding that plaintiff was entitled to the survivor benefits as described above (*supra* ¶ 1). However, it rejected the AGC's opinion regarding the payment start date, because it would "produce[] an absurd result of advancing

---

[1] Although the Village argued before the Board that plaintiff was not entitled to survivor benefits at all, it has abandoned that argument on appeal, and it simply adopts the Board's position and arguments regarding plaintiff.

the date of benefit eligibility." Instead, the Board concluded that plaintiff was not entitled to collect survivor's payments until December 12, 2032.

¶ 10       On June 22, 2021, the circuit court of Cook County affirmed the Board's decision and order. On July 16, 2021, plaintiff filed the within timely notice of appeal.

¶ 11                                    ANALYSIS

¶ 12       The only issue on this appeal is the payment start date of plaintiff's survivor's benefit. Both sides agree that plaintiff is entitled to a survivor's benefit; and they also agree on exactly how much she will receive.

¶ 13       The parties are also in substantial agreement on the law that we must apply. Both sides agree, as the law requires, that when reviewing a pension board's decision, the appellate court reviews solely the decision of the Board. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006) ("our review is focused solely upon the decision of the [Pension] Board").

¶ 14       "Rulings on questions of fact will be reversed only if against the manifest weight of the evidence." *Marconi*, 225 Ill. 2d 497, 532 (2006). "A mixed question of law and fact is reviewed under the clearly erroneous standard." *Marconi*, 225 Ill. 2d at 532. "In contrast, questions of law are reviewed *de novo*." *Marconi*, 225 Ill. 2d at 532. "[U]nder any standard of review, a plaintiff to an administrative proceeding bears the burden of proof, and relief will be denied if he or she fails to sustain that burden." *Marconi*, 225 Ill. 2d at 532-33.

¶ 15       In the case at bar, both sides argue that they each win under the plain language of the statute. Thus, we are presented by the parties with a straight question of statutory interpretation, to which we apply *de novo* review. "Under a *de novo* standard of review, the reviewing court owes no deference" to "the judgment or reasoning" in the decision below. *People v. Jackson*,

4

2021 IL App (1st) 190263, ¶ 38. "In addition, a reviewing panel, such as ourselves, may affirm on any basis found in the record." *Jackson*, 2021 IL App (1st) 190263, ¶ 38.

¶ 16        The Board has the statutory authority to calculate and award pensions to retirees. 40 ILCS 5/3-131 (West 2020) (the board's "powers and duties [are] stated in Sections 3-132 through 3-140.1"), 3-133 (its authority includes the power and duty "[t]o order the payment of pensions *** and to issue certificates *** to the beneficiaries stating the amount and purpose of the payment").

¶ 17        Section 3-112 of the Illinois Pension Code provides pension benefits to survivors of police officers who served in municipalities of 500,000 people or less, such as the municipality at issue here. 40 ILCS 5/3-112 (West 2018) ("Pension to survivors"). The sentence under dispute in this appeal is:

> "Upon the death of a police officer entitled to a pension under Section 3-111, the surviving spouse shall be entitled to the pension to which the police officer was then entitled." 40 ILCS 5/3-112(a) (West 2018).

Both sides agree that this sentence governs the outcome of their dispute, and both argue that they win under its "plain language."

¶ 18        The rules of statutory interpretation are well established and undisputed here. With statutory interpretation, a court's primary goal is to ascertain the legislators' intent, and the best indication of their intent is the plain and ordinary meaning of the words they chose to use. *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 40. To ascertain the plain and ordinary meaning of a word, a reviewing court may use a dictionary. *Soucek v. Breath of Life Professional Services, NFP*, 2021 IL App (1st) 210413, ¶ 54. When interpreting statutes, this court has frequently relied on definitions from Dictionary.com. *Soucek*, 2021 IL

App (1st) 210413, ¶ 54; *Sekura*, 2018 IL App (1st) 180175, ¶ 53; *Watson v. Legacy Healthcare Financial Services, LLC*, 2021 IL App (1st) 210279, ¶¶ 57-59. If the statutory language is plain and unambiguous, as we have here, we look no further. *Sekura*, 2018 IL App (1st) 180175, ¶ 44. When construing a statute, we strive to give every word its reasonable meaning and to avoid rendering any word superfluous or void. *Sekura*, 2018 IL App (1st) 180175, ¶ 43.

¶ 19    Pursuant to the above-quoted sentence, plaintiff argues that "[u]pon the death," she "shall" receive pension money. 40 ILCS 5/3-112(a) (West 2018). The word "upon" means "on" or "on the occasion of." Dictionary.com/browse/upon (last visited March 23, 2022). Her argument, then, is that the triggering event for payment of money is the death, and that she should receive money on the occasion of it.

¶ 20    The problem with this argument, however, is that the clause is not simply "upon the death." The triggering event is not "the death," but "the death of a police officer entitled to a pension"; and no one disputes that, at the moment of his death, he was not entitled to receive any pension money at all. 40 ILCS 5/3-112(a) (West 2018). He had to wait until age 60 to receive money. Plaintiff could collect no more than what the decedent was entitled to at the time of his death: whatever his pension rights were at that time. 40 ILCS 5/3-112(a) (West 2018). If it is determined that the decedent would have received nothing, then she too would receive nothing.[2]

---

[2]Another appellate panel found that this same sentence meant "that the surviving spouse is entitled to the pension benefits that the officer was receiving *at the time* of his or her death." (Emphasis in original.) See *Village of Roselle v. Roselle Police Pension Board*, 382 Ill. App. 3d 1077, 1081 (2008), *aff'd on different grounds sub nom. Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546 (2009).

¶ 21      The Board has agreed that, upon the death, she is entitled to the pension money that the officer was "then" entitled to. 40 ILCS 5/3-112(a) (West 2018).[3] In other words, at the moment of his death, he was then entitled to nothing, so she was also entitled to nothing at that moment; but, at age 60, he would have been able to collect, so she would likewise be entitled to collect on his would be 60th birthday. In essence, the Board argues that she may collect what he would have collected at any given moment. She receives what he "was then entitled" to. 40 ILCS 5/3-112(a) (West 2018). Put simply, she inherits whatever his pension rights were, whenever they were payable.

¶ 22      Her response is that the word "then" refers back to the pension rights that he had at the moment when he died, instead of to the moment when he could start collecting. Of course, the moment that she concedes that the sentence refers to pension rights, instead of immediate pension money, her argument is lost. Then, "upon the death," she gets his rights—whatever they are at that time-which is exactly what the Board found.

¶ 23      When we interpret a code, we must interpret it as a whole. *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511, ¶ 17. Since plaintiff's husband resigned early, he was a "deferred" pensioner, meaning that the ability to collect money on this pension was deferred. 40 ILCS 5/3-105.1 (West 2018). The Board's interpretation of the sentence at issue is consistent with the legislative intent expressed in the Code to defer pensions in these cases.

¶ 24      Plaintiff further argues that the Board abused its discretion in rejecting the AGC's opinion, and that this court must accord his opinion substantial deference.[4] In support, plaintiff

---

[3] The primary meaning of "then" is "at that time." The secondary meaning is "immediately or soon afterward." dictionary.com/browse/then (last visited March 24, 2022).

[4] At the hearing before the Board, plaintiff's counsel argued that the statute was unambiguous. When he was asked, "[s]o if it's unambiguous how do we even get to the DOI interpretation?" he

cites the Illinois Supreme Court's opinion in *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546 (2009).

¶ 25      The issue in the *Roselle* case was whether the surviving spouse of a deceased disabled police officer was entitled to receive annual increases for his disability pension which the spouse had started receiving upon the officer's death. *Roselle*, 232 Ill. 2d at 548-49. First, the *Roselle* court noted, as we did above, that it was called upon to interpret a statute, and that statutory construction entails *de novo* review. *Roselle*, 232 Ill. 2d at 552. After *first* completing its own *de novo* review, the supreme court concluded that the statute before it was "silent on the question of whether the annual increases continue to accrue once the officer dies." *Roselle*, 232 Ill. 2d at 554. The court found that it would not read into the statute what was not there and, thus, no such annual increases were authorized. *Roselle*, 232 Ill. 2d at 556.

¶ 26      After seven pages of its own analysis, the supreme court observed, in two paragraphs at the end, that its conclusion was "further supported" by an Advisory Services Update issued by DOI. *Roselle*, 232 Ill. 2d at 559. The court stated that, when the legislature delegates the authority to define a statutory provision to an administrative body, "administrative interpretations of such statutory provisions should be given substantial weight, unless they are arbitrary, capricious, or manifestly contrary to the statute." *Roselle*, 232 Ill. 2d at 559.

¶ 27      In the case at bar, the AGC found:

"The only guidance fully applicable to this present case stems from Section 3-112(a) which states, "[u]pon the death of a police officer entitled to a pension under Section 3-111, the surviving spouse shall be entitled to the pension to which the police officer

---

replied: "Why the board went to the DOI, perhaps the board thought it was ambiguous. But I don't think it's ambiguous." Plaintiff's counsel is the same counsel on appeal.

was then entitled. Taken at its plain meaning, this section of the Code entitles a surviving spouse to the benefits of his/her deceased partner immediately 'upon the death of the [*sic*] police officer.' "[5]

¶ 28 The AGC reads the initial clause as though it stated only "upon the death of a police officer," and, as we already discussed above, this is manifestly contrary to the statute, which states: "[u]pon the death of a police officer entitled to a pension under Section 3-111." 40 ILCS 5/3-112(a) (West 2018). As we already explained above, upon his death, he was not a police officer entitled to collect a pension.

¶ 29 If the AGC was simply doing a "plain" reading of the statute, as he stated he was doing, then we also have the expertise and authority to plainly read the statute. " '[A]n interpretation placed upon a statute by an administrative official cannot alter its plain language.' " *Apple Canyon Lake Property Owners' Association v. Illinois Commerce Commission*, 2013 IL App (3d) 100832, ¶ 21 (quoting *Burlington Northern, Inc. v. Department of Revenue*, 32 Ill. App. 3d 166, 174 (1975)). For the reasons already described, we do not find his plain reading persuasive.

¶ 30 Although our decision is based solely on a reading of the statutory language, we observe that it also reaches an equitable result. At the time of his death, plaintiff's husband, as a former employee, was not receiving any monies from the police department or the Village of River Forest and, thus, his family was not dependent on any such funds. However, they were expecting and reasonably depending on the future receipt of pension funds when he turned 60. The Board's decision satisfies their reasonable expectations, as well as the Board's fiduciary

---

[5] As a preliminary matter, we observe that the misquote of the statute is in the AGC's original letter, and it is not a typo on our part.

duty to all beneficiaries of the pension fund. *Marconi*, 225 Ill. 2d at 544 (the Board's "fiduciary duty, however, is owed to *all* participants in the pension fund, not just plaintiff") (emphasis in original).

¶ 31                                                    CONCLUSION

¶ 32          For the foregoing reasons, we affirm the decision of the Board.

¶ 33          Affirmed.